## McCracken, Appellant, v. Traction Company (No. 2).

*Negligence—Damages—Death—Partnership profits.*

In an action for death, evidence to show the profits of deceased in a partnership business and that he furnished money in considerable amounts to his family is not admissible as to the amount of damage they sustained by his death.

Argued Nov. 5, 1901.  Appeal, No. 94, Oct. T., 1900, by

plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 337, on verdict for plaintiff in case of Ada McCracken v. Consolidated Traction Company. Before McCollum, C. J, Mitchell, Dean, Fell Brown, and Mestrezat, JJ. Appeal dismissed.

Trespass to recover damages for death of plaintiff's husband. Before Kennedy, P. J.

See McCracken v. Consolidated Traction Company (No. 1), ante, p. 378.

At the trial the court sustained objections to offers to show by W. H. Stevenson what were the profits of the firm of which the deceased was a member. [1, 2] The court also sustained objections to an offer to prove by the plaintiff what amount of money the deceased spent in the support of his family during the last three or four years of his life. [3]

Verdict and judgment for plaintiff for $5,000. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, for appellant.— In Wallace v. Penna. R. R. Co., 195 Pa. 127, it was held that it was competent to show the profits of plaintiff's business as a measure of her earning capacity. See also Penna. R. R. Co., v. Butler, 57 Pa. 335, Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185, Louisville, etc., R. R. Co. v. Clarke, 152 U. S. 230, 14 Sup. Ct. Repr. 579, Tilley v. Hudson River R. R. Co., 29 N. Y. 252, and Christian v. Columbus, etc., Ry. Co., 90 Ga. 124, 15 S. E. Repr. 701.

*J. H. Beal*, with him *Knox & Reed*, for appellee.

Opinion by Mr. Justice Dean, January 6, 1902:

This is an appeal from the same judgment which was appealed from by defendant and opinion handed down this day. The assignments are all to rulings of court on offers of testimony by plaintiff to prove extent of damage she sustained by loss of her husband's earnings. In view of judgment in the

Traction Company's Appeal, these assignments of error are no longer important in the case. We may say, however, that the court's rulings were correct. Evidence to show the profits of deceased in a partnership business, and that he furnished money in considerable amounts to his family, is not admissible as to the amount of damage they sustained by his death.

The appeal is dismissed at the costs of the appellant.